# United States Court of Appeals for the Federal Circuit

2006-3307

CASSANDRA A. AUGUSTINE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.


Wild Chang, Wild Chang & Chang, of Rowland Heights, California, argued for petitioner.

John Todor, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, Deborah A. Bynum, Assistant Director, and Michael S. Dufault, Trial Attorney.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3307

CASSANDRA A. AUGUSTINE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: October 5, 2007

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

CLEVENGER, Senior Circuit Judge.

Petitioner Cassandra A. Augustine appeals the final decision of the Merit Systems Protection Board ("MSPB" or "Board") denying her petition for attorney fees and expenses under 5 U.S.C. § 3330c(b). We reverse, vacate, and remand.

I

Cassandra A. Augustine is a disabled Navy veteran, and as such, she is a "preference eligible" for federal civil service employment purposes. See 5 U.S.C. § 2108. A preference-eligible veteran is entitled to certain advantages in the government's hiring process. See, e.g., 5 U.S.C. § 3318(b) (requiring approval from the Office of Personnel Management to hire a non-preference eligible over a preference

eligible in certain situations). If the preference eligible believes that she has been unlawfully deprived of those advantages, she may lodge a complaint with the Secretary of Labor and then, if the complaint does not lead to a satisfactory resolution, she may appeal to the Board. See 5 U.S.C. § 3330a.

In 1999, Ms. Augustine applied for employment with the Department of Veterans Affairs ("VA"), but was not hired. Believing that her rights as a preference eligible had been violated, Ms. Augustine, proceeding pro se, filed a complaint with the Secretary of Labor and subsequently appealed to the Board. In the proceedings before the Board, the VA denied that Ms. Augustine's rights had been violated. The Administrative Judge ("AJ") disagreed, however, and found not only that her rights had been violated, but also that her rights had been violated willfully. Thus, pursuant to 5 U.S.C. § 3330c(a), the AJ ordered the VA to appoint Ms. Augustine to the position for which she had applied, to pay compensation for lost wages and benefits, and to pay liquidated damages in an amount equal to the back pay she was owed. Augustine v. Dep't of Veterans Affairs, No. SF3443000085-I-1, slip op. at 8-9 (M.S.P.B. Mar. 14, 2000).

On April 14, 2000, the VA petitioned for Board review of the AJ's decision. The petition amounted to a nine-page brief, and also included nearly 70 pages of attachments. See J.A. at 104-79. Continuing to proceed pro se, Ms. Augustine responded to the VA's petition on May 6, 2000, with a "Cross Petition for Review to the Merit Systems Protection Board." See J.A. at 180-90. The VA replied on June 1, 2000, with another substantial brief. Sometime thereafter, Ms. Augustine apparently decided to seek legal counsel. On March 17, 2001, she retained the services of attorney Wild Chang. Although Mr. Chang did not officially file an entry of appearance with the MSPB

until August of 2001, J.A. at 202, his billing records reflect that his representation of Ms. Augustine began immediately after he was retained, see J.A. at 278.

On May 14, 2001, the Board—noting the "strong arguments that the remedy ordered [by the AJ] exceeds the Board's authority"—vacated the AJ's decision, reopened the record, and ordered extensive briefing by the parties and by any interested amici curiae. See Augustine v. Dep't of Veterans Affairs, 88 M.S.P.R. 407, ¶¶ 23-28 (May 14, 2001). Over the course of the ensuing months, Mr. Chang's detailed billing records reflect that he spent a substantial amount of time conferencing with Ms. Augustine, performing research, reviewing records, preparing documents for filing with the Board, preparing for and participating in an August 2001 mediation session, etc. See J.A. at 278-83. Although the mediation session did not lead to an agreement between the parties, the VA withdrew its petition for review the following month. And on November 11, 2001, the VA moved to dismiss the case. J.A. at 208-15. Ms. Augustine objected to the motion on the basis, inter alia, that mere dismissal would not necessarily lead to a reinstatement of the AJ's vacated decision. Over twenty-two months later, the Board explicitly recognized her objection in a September 22, 2003 order by simultaneously dismissing the VA's petition for review and reinstating the AJ's decision. J.A. at 63-64.

As the prevailing party, Ms. Augustine moved for attorney fees and expenses. 5 U.S.C. § 3330c(b). The AJ denied the motion, however, because Mr. Chang was not a member of the California bar, which was the state in which the proceedings before the AJ had occurred. The AJ's order became the final decision of the Board. On appeal to this court, we vacated and remanded with instructions for the Board to consider the

motion without regard to the state of Mr. Chang's bar membership. <u>Augustine v. Dep't of Veterans Affairs</u>, 429 F.3d 1334 (Fed. Cir. 2005). On remand, the AJ once again denied Ms. Augustine's motion for attorney fees and expenses because, in the AJ's opinion, "[n]one of [Mr. Chang's] services appear to have contributed to [Ms. Augustine's] success on appeal." <u>Augustine v. Dep't of Veterans Affairs</u>, No. SF3443000085-M-1, slip op. at 6 (May 11, 2006). The AJ further explained that "there are many reasons why the agency may have decided to withdraw its petition for review, and grant the relief provided in the initial decision. For example, it may simply have decided to stop spending scarce resources on lengthy, multi-party litigation that had come to focus on policy issues in which it had no direct interest[.]" <u>Id.</u>, slip op. at 7-8. The AJ also concluded that the reasonableness of Mr. Chang's fees was adversely impacted by the fact that he did not enter his appearance until five months after he began rendering services to Ms. Augustine. Ms. Augustine did not petition for Board review and the AJ's decision became final.

Ms. Augustine now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

"We may only set aside the Board's decision if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." <u>Kievenaar v. Office of Pers. Mgmt.</u>, 421 F.3d 1359, 1362 (Fed. Cir. 2005). "Issues of statutory and regulatory construction are reviewed <u>de novo</u>." <u>Id.</u>

III

"A preference eligible who prevails in an action under section 3330a or 3330b shall be awarded reasonable attorney fees, expert witness fees, and other litigation expenses." 5 U.S.C. § 3330c(b). In the proceedings below, the AJ interpreted this statute to mean that attorney fees and expenses are unreasonable if (1) success before the Board was not in some way attributable to the efforts of the successful party's attorney, or (2) services were rendered prior to the attorney's entry of appearance before the Board. We reject both of these propositions out of hand as being completely unsupported by the plain language of the statute, which only requires that the fees and expenses be reasonable. Accordingly, we reverse the Board insofar as its decision was based on the AJ's erroneous reading of the statute.

As to quantum, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983);[1] see also 5 C.F.R. § 1201.203(a) (requiring that a request for attorney fees under 5 U.S.C. § 3330c(b) be supported by "[a]ccurate and current time records," and "[a] statement of the attorney's customary billing rate for similar work"). It goes without saying, of course, that "the number of hours reasonably expended," and therefore the number of hours compensable under 5 U.S.C. § 3330c(b), may only include time spent in furtherance of

---

[1] Although Hensley involved an award of attorney fees to a "prevailing party" under 42 U.S.C. § 1988(b), the Court explicitly stated that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7. The case at bar involves an award of attorney fees to "[a] preference eligible who prevails," which for present purposes is the same as a "prevailing party." Thus, the "standards set forth in [Hensley]" are applicable here as well.

the claim. Thus, we agree with the government that Mr. Chang's representation of Ms. Augustine on any matters other than her preference-eligible claim is not compensable under this statute. Moreover, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.

This court is ill-suited to the task of determining from Mr. Chang's billing records the amount of time spent in furtherance of the claim or the amount of that time, if any, that might have been "excessive, redundant, or otherwise unnecessary." Nevertheless, we deem it appropriate to provide some general observations about the reasonableness of the request in this case. As a threshold matter, Ms. Augustine's decision to seek assistance of counsel was entirely reasonable regardless of the complexity of the VA's petition for review and the Board's assessment that the VA had presented "strong arguments that the remedy ordered [by the AJ] exceeds the Board's authority." We further note that neither Ms. Augustine nor Mr. Chang could have had any idea that the VA might eventually "decide[] to stop spending scarce resources on lengthy, multi-party litigation that had come to focus on policy issues in which it had no direct interest." Thus, irrespective of whether Mr. Chang's efforts—viewed in hindsight—had any actual impact on Ms. Augustine's ultimate success on appeal, it is self-evident that at least a portion (and possibly a substantial portion) of his work was done in furtherance of her claim and was not "excessive, redundant, or otherwise unnecessary." Further, we note that until the Board actually reinstated the AJ's March 14, 2000 decision, Ms. Augustine's case was at risk and her need for counsel was both real and

reasonable.  As 5 U.S.C. § 3330c(b), unlike many other fee-shifting statutes, makes an award of reasonable fees to a prevailing party mandatory rather than discretionary, the only question on remand is the amount of those fees.  The AJ's bases for denying fees, like the government's arguments on appeal in support of the AJ's categorical denial, were not properly grounded in an inquiry of reasonableness.  Instead, the AJ made a determination as to whether Ms. Augustine was entitled to any fees at all.  The mandatory nature of section 3330c(b) renders that inquiry inappropriate. With these observations, we vacate the order denying fees and expenses, and remand for the AJ to render a quantum decision consistent with this opinion.

We also deny Ms. Augustine's request for a new AJ assignment on remand.  We are fully confident that the AJ will faithfully apply the law as set forth in this opinion and that his judgment will not be impacted by the fact that Ms. Augustine requested reassignment.

IV

For the reasons stated, we reverse, vacate, and remand.

COSTS

Respondent bears Petitioner's costs.


<u>REVERSE, VACATE, AND REMAND</u>