NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID M. PECARD,**
*Petitioner,*

v.

**DEPARTMENT OF AGRICULTURE,**
*Respondent.*

---

2011-3151

---

Petition for review of the Merit Systems Protection Board in case no. DA3330090730-B-1.

---

Decided: Oct. 26, 2012

---

DAVID M. PECARD, of Phoenix, Arizona, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel was KENT C. KIFFNER, Trial Attorney.

---

Before NEWMAN, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

David M. Pecard ("Pecard") petitions for review of a decision of the Merit Systems Protection Board ("Board"). The Board denied his request for corrective action under the Veterans Employment Opportunities Act of 1988 ("VEOA"), Pub. L. No. 105-339, 112 Stat. 3182 (codified at 5 U.S.C. § 3330a et seq.). *Pecard v. Dep't of Agric.*, No. DA-3330-09-0730-B-1 (M.S.P.B. Mar. 8, 2011) ("*Remand Decision*"). We *affirm*.

BACKGROUND

Petitioner Pecard, a preference eligible veteran, applied to the Department of Agriculture ("the agency") for employment as an Animal Health Technician, Mounted Patrol Inspector, at the GS-5, -6, -7, and -8 levels. Pecard submitted applications for seven openings in various locations, including the Laredo, Texas opening advertised in vacancy announcement 24-VS-2009-0154 (the "0154 position"). The agency prepared twenty-eight certificates of eligibles for the openings (one for each position at each grade level), and tentatively selected Pecard for the 0154 position at the GS-7 level. Shortly thereafter, the agency found inconsistencies in Pecard's paperwork, which led the agency to conclude that Pecard had improperly altered a form submitted with his application. A subsequent internet search "revealed several newspaper articles and a television broadcast that had portrayed [Pecard] as a con man." *Remand Decision*, slip op. at 3. On August 10, 2009, the agency withdrew Pecard's tentative offer of employment for the 0154 position at the GS-7 level.

Saul Garza was subsequently selected for the 0154 position at the GS-6 level. Pecard had applied for the

0154 position at the GS-7 level, but not at the GS-6 level, and Pecard's name did not appear on the certificate of eligibles from which Garza was selected. When Garza was selected, the agency believed him to be a preference eligible veteran; it later determined that Garza was not preference eligible, but took no further action because "none of the preference eligible applicants, including [Pecard,] were [sic] entitled to lost employment consideration." *Id.* at 7.

A hiring agency which objects to a preference eligible applicant and wishes to instead select a non-preference eligible may seek to "pass over" the preference eligible applicant. *See* 5 U.S.C. § 3318; 5 C.F.R. § 332.406; Recruitment and Selection Through Competitive Examination, 74 Fed. Reg. 30,459, 30,459 (June 26, 2009). On August 11, 2009, one day after withdrawing its offer to Pecard, the agency signed a pass over request based on the inconsistencies in Pecard's application materials. The request was applicable to three vacancies for which Pecard had applied (not including the 0154 position). The request was sustained by the agency on August 13, 2009. As a result, Pecard was excluded from consideration when those three vacancies were filled.

Pecard filed a timely complaint with the Department of Labor, alleging that the agency violated his rights under the VEOA. When relief was denied, Pecard appealed to the Board, which has limited statutory jurisdiction to review VEOA claims. *See* 5 U.S.C. § 3330a(d)(1). The administrative judge ("AJ") denied relief, finding no violation of Pecard's VEOA rights, and no independent source of jurisdiction to review his non-selection for the 0154 position. *Pecard v. Dep't of Agric.*, No. DA-3330-09-0730-I-1 (M.S.P.B. Jan. 14, 2010). On review, the Board remanded for clarification of "discrepancies" in the record as to Pecard's VEOA claim and the circumstances sur-

rounding the pass over request.[1] *Pecard v. Dep't of Agric.*, No. DA-3330-09-0730-I-1, 115 M.S.P.R. 31 (M.S.P.B. Sept. 8, 2010). On remand, the AJ again denied relief as to the 0154 position, and additionally upheld the agency's pass over authority. *Remand Decision*, slip op. at 5-6. Pecard did not request review by the full Board, and the AJ's decision became the final decision of the Board on April 12, 2011. This appeal followed. This court has jurisdiction under 28 U.S.C. § 1295(a)(9). During the course of our consideration, we ordered supplemental briefing.

## DISCUSSION

Under 5 U.S.C. § 7703(c), this court's review of Board decisions is limited. The Board's actions, findings, or conclusions may only be set aside if found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* We review questions of law de novo. *Augustine v. Dep't of Veterans Affairs*, 503 F.3d 1362, 1365 (Fed. Cir. 2007).

The VEOA provides preference eligible veterans with redress for the denial of "various preferences in applying for civil service positions." *Patterson v. Dep't of the Interior*, 424 F.3d 1151, 1155 (Fed. Cir. 2005); *see also* Veterans' Preference Act of 1944, Pub. L. No. 78-359, 58 Stat. 387 (codified at 5 U.S.C. §§ 2108, 3309-3320) (defining "preference eligible" and veterans' preference rights). Pecard first contends that the agency violated his VEOA

---

[1] Specifically, the Board sought clarification of whether Pecard's job offer was withdrawn before the pass over was sustained, whether the pass over request applied to the 0154 position, whether the agency had authority to sustain the pass over, and whether Garza was a preference eligible.

rights by withdrawing its tentative offer for the 0154 position. Pecard claims the withdrawal was the result of a negative suitability determination by the agency, appealable to the Board pursuant to 5 C.F.R. § 731.501. The Board rejected this claim on the grounds that the withdrawal of the tentative job offer was not a "suitability action" within the Board's jurisdiction, *see id.*, but rather an excluded "non-selection action" based on Pecard's apparently dishonest conduct, *see id.* § 731.203(b). It is well-settled that the Board does not have jurisdiction to review non-selection actions, and we agree with the Board that this action fell into that category. Nor has Pecard shown that the non-selection action here violated the VEOA.

Next, Pecard contends that his VEOA rights were violated when the agency failed to consider him for the 0154 position at the GS-6 level, the position to which it appointed Garza. However, the Board found that because Pecard had not applied for the 0154 position at the GS-6 level, it was not error to fail to consider him for the job. We agree. Because Pecard's name did not appear on the GS-6 certificate of eligibles from which Garza was chosen, Pecard was not improperly denied consideration, and no basis exists for the claim that his VEOA rights were violated. Pecard has not alleged that the agency prevented him from applying for the 0154 position at the GS-6 level, nor is there any suggestion that the agency's practice of preparing multiple certificates was designed to circumvent VEOA protections.

Finally, Pecard claims that the agency's pass over request with regard to three other positions was invalidly sustained, and thus violated his VEOA rights. A hiring agency which objects to a preference eligible candidate for a "proper and adequate reason," 5 U.S.C. § 3318(a), including false statements or fraud, may request Office of

Personnel Management ("OPM") authorization to exclude or "pass over" the preference eligible applicant in favor of a non-preference eligible. *See* 5 C.F.R. § 332.406(a)(3), (b). Generally, unsuccessful applicants like Pecard "may not appeal to the MSPB a decision by OPM or an agency with delegated authority . . . to grant a pass over request, irrespective of the reason for the decision." 5 C.F.R. § 332.406(g). However, Pecard is arguing that the agency lacked delegated authority to act on the pass over request in question. He points out that the regulation only bars review when the pass over is granted by OPM or an agency with "delegated authority," and argues that in this case, the agency did not have delegated authority because "5 U.S.C. § 3318 requires that [a pass over] be sustained by [OPM itself] in order to be compliant with the statute and VEOA." Pet'r's Br. 6. Surprisingly, the agency did not respond to this jurisdictional argument in its briefs. We agree with Pecard that review of the alleged absence of delegated authority is not an issue foreclosed by § 332.406(g).

Nonetheless, the Board concluded that OPM's regulation properly delegated authority to the agency to act on the pass over request, and we agree. Section 3318(b)(4) bars delegation of OPM's pass over authority only with regard to applicants "ha[ving] a compensable service-connected disability of 30 percent or more." § 3318(b)(2). This limitation was relevant in *Gingery v. Dep't of Defense*, 550 F.3d 1347, 1350 (Fed. Cir. 2008), but does not govern this case because Pecard has not demonstrated that he is a qualified 30 percent disabled veteran. Section 3318 does not otherwise bar delegation, nor suggest that the delegation here is in any way impermissible. Section 332.406, the regulation that explicitly delegated authority to the agency to act on the pass over request, took effect prior to the request affecting Pecard. *See* 73 Fed. Reg. at

20,149.  In sum, Pecard has not demonstrated that the agency acted without authority.[2]

We find Pecard's remaining challenges unpersuasive. We agree that the Board did not abuse its discretion by dismissing OPM as a party, especially given that Pecard appealed OPM's suitability determination in an independent action.  Though the Board opinion did not discuss every issue raised by Pecard or articulate his claims as he did, this failure is not an abuse of discretion.  We also conclude the Board did not abuse its discretion by denying Pecard's requests for discovery and sanctions.

COSTS

No costs.

---

[2]  In June 2009, the agency requested an OPM determination of Pecard's suitability for employment.  In October 2010, OPM found Pecard ineligible, cancelled his pending applications, and barred him from consideration for the covered positions until 2013.  Pecard appealed OPM's decision in a separate MSPB action, DA-0731-11-0159-I-1, which has since settled.