NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC WILLIAMS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2023-1010

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-16-0292-B-1.

---

Decided:  May 11, 2023

---

ERIC WILLIAMS, North Charleston, SC, pro se.

ELIZABETH MARIE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

Eric Williams appeals from the final decision of the Merit Systems Protection Board (Board) denying his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the following reasons, we *affirm*.

BACKGROUND

Mr. Williams, a preference-eligible veteran, applied for a contract specialist position with the Department of the Navy (the Navy). The Navy advertised this position according to its referral certificates process in which hiring managers request a referral certificate that includes candidates who have applied on USAJOBS and are rated as "best qualified." Because he was not rated "best qualified" based on the information he submitted in his application, S. Appx. 179–80, Mr. Williams was not included on either of the referral certificates sent to the hiring manager. S. Appx. 35. Unsatisfied with the referred candidates, the hiring manager opted to close the contract specialist position vacancy announcement, S. Appx 35, and instead filled the position pursuant to the Expedited Hiring Authority (EHA) program. S. Appx. 35; *see* 5 U.S.C. § 3304(a)(3); *see also* 10 U.S.C. § 1705(f). Specifically, she opted to fill the position through the EHA's "name request" method in which the Navy expedites hiring through targeted recruitment efforts.

After the Navy did not hire Mr. Williams for the position, he filed a complaint alleging the Navy violated his veterans' preference rights. The administrative judge dismissed Mr. Williams' complaint for lack of jurisdiction. On Mr. Williams' petition for review, the Board vacated the dismissal and remanded for further consideration. On remand, the administrative judge determined the Navy did not violate Mr. Williams' preference rights. Specifically, the administrative judge rejected Mr. Williams' arguments that the Navy inadequately credited his experience and

improperly filled the contract specialist position using the EHA program in violation of his right to compete under 5 U.S.C. § 3304 and the "pass-over procedures" in 5 U.S.C. § 3318. S. Appx. 203–21. The administrative judge also found harmless the Navy's failure to follow its EHA internal implementation guidance requiring it to list its use of EHA procedures in the job vacancy announcement. S. Appx. 216–21. The Board affirmed. S. Appx. 245–55. Mr. Williams appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review the Board's statutory interpretations de novo. *Augustine v. Dep't of Veterans Affs.*, 503 F.3d 1362, 1365 (Fed. Cir. 2007). Mr. Williams argues the Navy violated several of his veterans' preference rights when it filled the contract specialist position pursuant to EHA procedures, including his right to compete and his pass-over procedural rights. Appellant's Informal Opening Br. at 8, 11–12. He also argues the Navy violated the notice requirements of its EHA implementation guidance. *Id.* at 5. We do not agree.

Under 5 U.S.C. § 3304(f)(1), a preference-eligible veteran "may not be denied the opportunity to compete for vacant positions." The Navy did not deny Mr. Williams the right to compete for the contract specialist position. He had the opportunity to apply for the position, and the Navy considered his application. The Navy simply elected not to forward Mr. Williams' application to the hiring manager because he was not among the "best qualified" candidates as compared to other preference-eligible veterans. Veterans' preference rights do not confer entitlement to a

position, only the right to compete. *See* 5 U.S.C. § 3304(f)(3) (providing that § 3304(f) does not "confer an entitlement to veterans' preference that is not otherwise required by law"), § 3304(f)(2) (noting that "*if selected*, a preference eligible . . . shall receive a career or career-conditional appointment" (emphasis added)).

Nor did the Navy violate Mr. Williams' rights by closing the position and filling it under its EHA procedures. Section 3304(a)(3) permits the Navy to cancel a vacancy listing and fill the position without regard to veterans' preference rights. 5 U.S.C. § 3304(a)(3); *see* 10 U.S.C. § 1705(f) (establishing EHA); *see also Abell v. Dep't of Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (holding veterans' preference rights do not require agency to hire from certificate and fill vacancies). The Navy, therefore, did not violate Mr. Williams' rights by closing the listing without hiring him and then hiring someone else pursuant to EHA procedures. Moreover, because § 3304(a)(3) permits filling vacancies pursuant to EHA procedures without regard to veterans' preference rights, the Navy did not violate Mr. Williams' pass-over rights. *See* 5 U.S.C. § 3318.

Finally, Mr. Williams argues the Navy violated its internal notice requirements for hiring under the EHA by not indicating in the job vacancy listing that the Navy may fill the position using EHA procedures. Appellant's Informal Opening Br. at 5–6; *see* S. Appx. 48–49. As the Board stated, even though there were deficiencies in the Navy's listing, that error was harmless because it did not affect Mr. Williams' ability to compete for the position. *See* S. Appx. 252–53. He does not challenge that finding on appeal.

## CONCLUSION

We have considered Mr. Williams' other arguments and find them unpersuasive. For the reasons given, we affirm the Board's denial of Mr. Williams' request for corrective action under the VEOA.

WILLIAMS v. NAVY                                                     5

## AFFIRMED

COSTS

No costs.