NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC WILLIAMS,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2022-2246

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-18-0427-I-1.

---

Decided: May 22, 2023

---

ERIC WILLIAMS, North Charleston, SC, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

Eric Williams appeals from the final decision of the Merit Systems Protection Board (Board) denying his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the following reasons, we *reverse*.

BACKGROUND

In February 2018, Mr. Williams, a preference-eligible veteran, applied for a contract specialist position with the Defense Logistics Agency (DLA). Mr. Williams submitted several documents with his application, including his resume, transcript, military discharge form, and Standard Form 50, which detailed his previous federal service as a contract specialist. As part of the application, Mr. Williams was required to complete an assessment questionnaire with several questions regarding his qualifications. Question 2 of the assessment read: "From the descriptions below, select the letter that BEST describes the highest level of education and/or experience that you fully possess in order to minimally qualify for this position. Read all of the statements completely before making your selection." In response to Question 2, Mr. Williams selected Answer E: "I do not possess the required level of specialized experience and/or education to qualify for this position." Because he selected this response, the online staffing system automatically deemed him ineligible for the position and the DLA did not consider the remainder of his application materials.

Upon receiving notice that he was deemed ineligible, Mr. Williams filed a complaint with the United States Department of Labor (DOL) alleging the DLA had violated his rights pursuant to the VEOA. DOL denied his claim, and he appealed to the Board. In an initial decision, the administrative judge determined Mr. Williams failed to show DLA violated his veteran's preference rights. The Board

affirmed with modifications.[1]  Mr. Williams appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c).  We review the Board's statutory and regulatory interpretations de novo.  *Augustine v. Dep't of Veterans Affs.*, 503 F.3d 1362, 1365 (Fed. Cir. 2007).

Mr. Williams argues the DLA violated 5 U.S.C. § 3311(2) by failing to credit him for all experience material to the position.  Appellant's Informal Opening Br. at 2–5.  Section 3311(2) provides: "In examinations for the competitive service in which experience is an element of qualification, a preference eligible is entitled to credit . . . for all experience material to the position for which [he is] examined, including experience gained in religious, civic, welfare, service, and organizational activities."  5 U.S.C. § 3311(2).  The rules implementing this statute require that "an agency shall credit a preference eligible . . . with all valuable experience."  5 C.F.R. § 302.302(d).  The Board determined the DLA had not violated these provisions because the application instructions did not restrict Mr. Williams from considering this relevant experience in responding to Question 2's inquiry of whether he

---

[1]    The Board determined the administrative judge procedurally erred by failing to notify Mr. Williams that his hearing request was denied, failing to set a date on which the record would close, and denying him the opportunity to submit rebuttal evidence.  After reviewing all of Mr. Williams' submissions, however, the Board concluded these procedural errors did not prejudice his substantive rights.

considered himself qualified.  S. Appx. 3; *see also* S. Appx. 14.  Thus, the Board concluded, to the extent Mr. Williams did not consider these experiences in responding to Question 2, that error is attributable to him, not the DLA.  S. Appx. 3.  While that may be factually true, the statute and rules require more of the DLA.

Section 3311(2) requires the agency to credit all experience material to the position.  *Kirkendall v. Dep't of Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009).  Indeed,

> The court has explained that "[a]t the very least, 'credited' must mean 'considered.'"  In *Kirkendall*, the agency had refused to consider military experience submitted in a document separate from an application, and the court held that the agency's refusal to look at a relevant document is a statutory violation of § 3311(2)'s guarantee of credit for all material experience. *Kirkendall* requires not only a complete record, but consideration of that entire record.

*Miller v. Fed. Deposit Ins. Corp.*, 818 F.3d 1361, 1366 (Fed. Cir. 2016) (internal citations omitted) (quoting *Kirkendall*, 573 F.3d at 1324).

As we made clear in *Kirkendall* and *Miller*, the agency must consider all material experience.  The DLA failed to do so here.  It is undisputed that the DLA did not consider any of Mr. Williams' application materials detailing his relevant experience, as the online staffing system automatically deemed him ineligible for the position.  Although Mr. Williams was declared ineligible based on his response to Question 2, this response does not excuse the DLA's failure to comply with § 3311(2).  The statute requires "consideration of *that entire record*," not only the response to a single question in an application.  *See id.* (emphasis added).  The DLA cannot give dispositive weight to a single questionnaire response without considering the rest of the application materials, which contained information about Mr.

Williams' experience.  *See, e.g.*, *Kirkendall*, 573 F.3d at 1324 (holding the agency violated § 3311(2) by ignoring the preference-eligible veteran's military documents submitted with his application simply because the agency's practice required that all information be in a single document). In fact, the DLA's application form expressly stated all questionnaire responses "are subject to evaluation and verification."  S. Appx. 21; *see also* S. Appx. 18 ("Your application package will be reviewed to ensure you meet the basic eligibility and qualifications requirements . . . .").

While the DLA was not obligated to go beyond Mr. Williams' application to determine whether Mr. Williams was qualified for the position, it was obligated to independently assess Mr. Williams' qualifications based on the materials included in his application—materials that, in this case, all parties appear to agree demonstrate Mr. Williams met the minimum qualifications.  *See* Appellant's Informal Opening Br. at 6.  The DLA may not abdicate its statutory and regulatory duty to credit a preference-eligible veteran for all his relevant experience by shifting the burden to Mr. Williams to assess his qualifications.

We therefore reverse the Board's final decision.  The DLA violated Mr. Williams' rights under VEOA, and he is therefore entitled to relief.  To be clear, we hold only that the DLA violated Mr. Williams' right to have his experience credited as part of his application.  We express no opinion as to whether Mr. Williams should have been placed in a specific quality category in DLA's category ranking system or whether he should have been awarded the job.  We remand to the Board to craft the appropriate relief.  *See* *Kirkendall*, 573 F.3d at 1325.

## REVERSED AND REMANDED

### COSTS

Costs to Mr. Williams.