# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN F. BAZAN,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DOCKET NUMBER<br>SF-3330-13-4195-I-1<br><br><br>DATE: January 15, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John F. Bazan, Esquire, Whittier, California, pro se.

Joseph E. Manahan, Esquire, Sacramento, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Vice Chairman Wagner issues separate dissenting opinion.

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a preference-eligible veteran who is a GS-13 Attorney (Contract) with the U.S. Army Corps of Engineers, filed a VEOA appeal with the Board challenging his nonselection for the GS-14 General Attorney position of Deputy District Counsel for the U.S. Army Corps of Engineers.[2] Initial Appeal File (IAF), Tab 1 at 1, 3, 5, 9, 10. The appellant, an Assistant District Counsel, was one of three finalists interviewed for the position by the selection panel; however, the panel selected a nonpreference-eligible candidate for the position. IAF, Tab 5 at 22-25.

¶3 On appeal, the appellant argued, among other things, that the agency did not consider his veterans' preference as a positive factor, which violated Department

---

[2] The appellant timely filed his VEOA appeal with the Board after receiving a letter from the Department of Labor, Veterans' Employment and Training Service (VETS), informing him of his Board appeal rights. IAF, Tab 1 at 1, 19-20. In the letter, VETS informed the appellant that it had completed its investigation of his veterans' preference complaint filed under VEOA and determined that the evidence did not support his allegation that the U.S. Army Corps of Engineers violated his veterans' preference rights. *Id.*

of Defense Instruction (DoDI) 1442.02, Personnel Actions Involving Civilian Attorneys [hereinafter DoDI 1442.02], Enclosure 3, paragraph 2(f) (30 Sept. 2010). IAF, Tab 1 at 5, Tab 5 at 57, 66-67; Tab 17 at 4. The appellant also argued that he was more qualified for the position than was the selectee and that the agency manipulated the selection process by changing the position description to improve the selectee's chances of promotion. IAF, Tab 17 at 4, 14.

¶4 After finding jurisdiction over the appellant's VEOA appeal and holding a hearing, the administrative judge denied the appellant's request for corrective action under VEOA. IAF, Tab 21, Initial Decision (ID) at 1. In reaching his decision, the administrative judge found that the agency made its selection for the Deputy District Counsel position in accordance with the procedures pertaining to veterans' preference in DoDI 1442.02 and the U.S. Army Corps of Engineers Supplement 1 to Army Regulation (AR) 690-200 [hereinafter Supp. 1 to AR 690-200], chapter 213, paragraph 4-7(d)(2) (8 Mar. 2004). ID at 3; *see* IAF, Tab 6 at 4-5. The administrative judge found, among other things, that the agency was only required to follow the principles of veterans' preference "as far as administratively feasible" to the extent of treating a candidate's veterans' preference "as a positive factor in all stages of the hiring process." ID at 3 (citing DoDI 1442.02, Enclosure 3, paragraph 2(f)). The administrative judge further found that the agency discharged its administrative duty during the selection process by considering, as a "positive factor," the appellant's status as a veteran and properly documenting its reasons for selecting a nonpreference eligible for the position. ID at 3-5.

¶5 The appellant filed a petition for review reasserting the arguments he made on appeal and arguing that the administrative judge made errors of fact and misapplied the relevant instructions and regulations concerning VEOA. Petition for Review (PFR) File, Tab 4. To be entitled to relief under VEOA, an appellant must show by preponderant evidence that the agency violated one or more of his

statutory or regulatory veterans' preference rights. *See Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 11 (2010). Attorney positions in the excepted service are exempt from the regulatory veterans' preference appointment procedures. ID at 3; *see* 5 C.F.R. § 302.101(c)(8). For these exempted attorney positions, the Office of Personnel Management (OPM) directs agencies to "follow the principle of veteran preference as far as administratively feasible." 5 C.F.R. § 302.101(c); *see* ID at 3; *see also Patterson v. Department of the Interior*, 424 F.3d 1151, 1157 (Fed. Cir. 2005).

¶6        OPM has elected to leave the details of applying veterans' preference to attorney hiring up to individual agencies. *See Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 26 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012). In this case, DoDI 1442.02 is the relevant agency instruction pertaining to personnel actions and hiring procedures for DoD civilian attorney positions. IAF, Tab 5 at 57-94. DoDI 1442.02, Enclosure 3, paragraph 2(f)  states in pertinent part that:

> Excepted service DoD civilian attorney positions are wholly exempted from the appointment procedures in [5 C.F.R. part 302]. However, the DoD Components are required to follow principles of veterans' preference in hiring civilian attorneys as far as administratively feasible, as provided for in this Instruction.
>
> Selecting officials must treat veterans' preference eligibility as a positive factor in all stages of the hiring process.

IAF, Tab 5 at 66.

¶7        We find that the administrative judge properly applied the relevant law to the facts, and we agree with his finding that the agency met its obligation to follow veterans' preference as far as administratively feasible by treating the appellant's status as a veteran as a "positive factor" in the selection process as required by DoDI 1442.2. *See* ID at 3-5; IAF, Tab 5 at 56. Although the appellant argues that it is irrelevant that the agency considered his service as a veteran "in a generally positive way," OPM views the positive factor test as consistent with the requirement that agencies "follow the principle of veterans'

preference as far as administratively possible." PFR File, Tab 4 at 15; *see Patterson*, 424 F.3d at 1156-57. The record supports the administrative judge's finding that the agency accorded proper consideration to the appellant's veterans' preference in the selection process. Hearing CD (Testimony of District Counsel, Los Angeles District, who was the selection panel chair).

¶8     We further find that, contrary to the appellant's arguments on review, the agency properly documented its reasons for selecting a nonpreference eligible, as required by Supp. 1 to AR 690-200, chapter 213, paragraph 4-7(d)(2). *See* PFR File, Tab 4 at 11-13. The regulation states in pertinent part, that:

> The availability of preference eligibles does not preclude the appointment of a nonpreference eligible candidate. Decisions to appoint a nonpreference eligible instead of a preference eligible must be based on factors directly relating to job requirements and must be documented.

IAF, Tab 6 at 5. The agency issued a memorandum documenting that it selected a nonpreference eligible based on factors directly related to the job requirements, including her training by the District's former legal expert on the Civil Works Program, her mastery of the law and policies governing the Civil Works Program, and her "great expertise" in environmental law. IAF, Tab 5 at 29-31. Moreover, despite the appellant's arguments to the contrary, he has not shown that the agency's revised job description, requiring specialized experience in environmental law and "the statutes and regulations governing the government[']s civil works program," violated his rights under any statute or regulation related to veterans' preference.[3] PFR File, Tab 4 at 10-11, 13-14; IAF, Tab 5 at 43.

---

[3] A U.S. Army Corps of Engineers District Counsel testified that, before the former Deputy Director retired, he asked the Deputy Director to alter his position description to reflect more accurately his job duties. Hearing CD (Testimony of District Counsel); *see* IAF, Tab 5 at 22, 25, 26, 28. As a result, the agency revised the position description to require specialized experience including, but not limited to, the "statutes and regulations governing the government civil works program [and] interpreting environmental law." *Id*.; IAF, Tab 5 at 43. The appellant argues that the position of Deputy District Counsel did not require the specialized experience described above, and there was "no objective reason for [the District Counsel] to need to change the position

¶9        On review, the appellant also challenges the administrative judge's rulings on evidence and discovery, arguing that the administrative judge prevented the appellant from presenting evidence to support his allegation that the agency manipulated the job description to limit the applicant pool and ensure the nonpreference eligible's selection.  PFR File, Tab 4 at 9, 14, 19-20.  The appellant argues that he was better qualified than the selectee in all duties, except for "legal advice pertaining to civil works project development," and that Supp. 1 to AR 690-200, chapter 213, paragraph 4-7(e)(2)(b) requires the agency to select the best-qualified applicant.[4]  PFR File, Tab 4 at 13, 17.  However, the appellant has not shown that the alleged errors by the administrative judge prejudiced his substantive rights.  *See* 5 C.F.R. § 1201.41(b)(3); *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (adjudicatory error); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (procedural error).  VEOA does not empower the Board to reevaluate the merits of the agency's ultimate determination that the preference-eligible appellant is not the best-qualified candidate for the position, which is what the appellant has asked the Board to do.  *See Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014).  How the agency weighs the appellant's

_____

[of] Deputy District Counsel in charge of contract claims and general litigation into a position that requires Civil Works project develop[ment] or specialization in environmental law."  PFR File, Tab 4 at 10-11.  The appellant also alleged on appeal that this alleged manipulation of the job description was a prohibited personnel practice.  IAF, Tab 1 at 5.  The administrative judge correctly informed the appellant that alleged prohibited personnel practices are not cognizable claims within a VEOA appeal, and denied the appellant's motion to compel discovery relating to the alleged prohibited personnel practice.  IAF, Tab 18 at 1-2.

[4] In the alternative, the appellant also argues that the agency was required to select him for the position because he was equally qualified as the selectee.  *See* PFR File, Tab 4 at 15.  DoDI 1442.02, Enclosure 3, paragraph 2(f)(l)(b), requires that selecting officials "select the preference-eligible veteran as opposed to an equally well qualified, nonpreference-eligible candidate."  PFR File, Tab 4 at 15; IAF, Tab 5 at 66.  However, the selection panel did not find the appellant equally well qualified as the nonpreference eligible; therefore, the agency was not required to select the appellant based on his status as a preference-eligible veteran.  IAF, Tab 5 at 26-28.

experience and qualifications is beyond the Board's review in this VEOA appeal. *See id.*, ¶ 9 *see also Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 7 (2013) (the matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained).

¶10    The appellant further argues on review that the administrative judge failed to rule on his request for negative inferences from the agency's refusal to produce the position descriptions and evaluations of the former Deputy District Counsels in addition to the selectee's previous position descriptions and evaluations. However, an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter*, 22 M.S.P.R. at 282. We find that the alleged error did not harm the appellant's substantive rights because the administrative judge properly denied the appellant's motion to compel those documents as irrelevant in the context of his VEOA appeal. *See* IAF, Tab 18 at 2, Tab 19 at 4.

¶11    We have reviewed the remainder of the appellant's arguments on review challenging the administrative judge's findings of fact, but we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge in this appeal. *See* PFR File, Tab 4 at 6-15. Because the administrative judge's finding that the agency did not violate the appellant's veterans' preference rights is supported by the weight of the evidence and the applicable law, we deny the petition for review. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.

¶1        I respectfully dissent.  Because the administrative judge's rulings in this Veterans Employment Opportunities Act (VEOA) appeal are based on an incorrect legal standard, this appeal should be remanded for further adjudication.

¶2        The appellant, a preference-eligible veteran, filed a request for corrective action under VEOA challenging his nonselection for the GS-14 General Attorney position of Deputy District Counsel for the United States Army Corps of Engineers.  Initial Appeal File (IAF), Tab 1.  He was one of three finalists interviewed for the position by the selection panel.  The panel, however, selected a nonpreference-eligible candidate for the position. *Id.*, Tab 5 at 22-25.

¶3        As the administrative judge found, the selection was made in accordance with the Department of Defense Instruction ("DoDI") 1442.02, dated September 30, 2010, and Supplement 1 to Army Regulation 690-200, chapter 213, subchapter 4, dated March 4, 2004.  IAF, Tab 5 at 57-94, Tab 6 at 4-12.  DoDI 1442.02 states, in part, that all Department of Defense (DoD) civilian attorney positions below the level of the Senior Executive Service are excepted service and, as such, are wholly exempted from the appointment procedures of Part 302 of Title 5, Code of Federal Regulations.  *See* IAF, Tab 5 at 66.  The administrative judge thus determined that the agency in this case was required to follow the principles of veterans' preference for the attorney position only "'as far as administratively feasible,' to the extent of treating an applicant's veterans['] preference 'as a positive factor in all stages of the hiring process.'"  IAF, Tab 21, Initial Decision (ID) at 3 (quoting DoDI 1442.02, Enclosure 3, paragraph 2(f)); *see* IAF, Tab 5 at 66.  He stated that the foregoing interpretation echoes the provisions of 5 C.F.R. § 302.101(c), which provide, for exempted

positions, that "each agency shall follow the principle of veteran preference as far as administratively feasible," as well as our reviewing court's statement in *Patterson v. Department of the Interior*, 424 F.3d 1151, 1159 (Fed. Cir. 2005), that section 302.101(c) "means that an agency must consider veteran status as a 'positive factor' in reviewing applications." ID at 3 n.2.

¶4     Applying the foregoing standard to the facts of this case, the administrative judge determined that the agency discharged its administrative duty during the selection process by considering the appellant's status as a veteran as a positive factor and properly documenting its reasons for selecting the nonpreference eligible for the position. ID at 4-5. He therefore denied the appellant's request for corrective action, concluding that, under the circumstances and the applicable regulations, the agency was not required to do more, and that its selection of another candidate did not violate any of the appellant's rights as a veteran or under VEOA. ID at 5.

¶5     On review, the appellant contends, inter alia, that the administrative judge erred in finding that the agency applied the principles of veterans' preference as far as administratively feasible and that it was irrelevant that the selecting official may have considered his military service "in a generally positive way." Petition for Review (PFR) File, Tab 4 at 15. He also contends that the administrative judge erred in failing to grant his motion to compel the agency to produce the position descriptions and evaluations of former Deputy District Counsels as well as those of the selectee. *Id.* at 19; *see* IAF, Tab 13.[5] The majority dismisses the appellant's arguments, agreeing with the administrative judge that the agency applied principles of veterans' preference as far as administratively feasible by treating the appellant's service as a positive factor, and finding that the

_____

[5] The administrative judge did not expressly rule on the appellant's motion. He tacitly denied the motion in the Summary of Telephonic Prehearing Conference, however, which states that any argument or evidence regarding the appellant's qualifications for the job in question relative to those of the selectee is not relevant and will not be considered. IAF, Tab 18 at 2.

administrative judge "properly denied the appellant's motion to compel those documents as irrelevant in the context of this VEOA appeal." Majority Opinion (Maj. Op.), ¶ 10.

¶6 I disagree on both counts. As the majority recognizes, the Office of Personnel Management has elected to leave the details of applying veterans' preference in hiring civilian attorneys to individual agencies. Maj. Op., ¶ 6; *see Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 26 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012). Therefore, although 5 C.F.R. § 302.101(c) provides that each agency shall follow the principle of veterans' preference as far as administratively feasible, each is granted broad discretion to determine the limits of administrative feasibility. *Jarrard*, 115 M.S.P.R. 397, ¶¶ 25-26. Thus, in *Jarrard*, the Board ruled that even if it were administratively feasible for the agency to apply procedures similar or analogous to those in 5 U.S.C. § 3318, it did not violate the appellant's veterans' preference rights by exercising its discretion to apply the principles of veterans' preference in another administratively feasible way, i.e., by treating veterans' preference status as a "positive factor" in its selection process. *Id.*, ¶¶ 25-27.

¶7 Unlike *Jarrard*, however, the agency here has made a determination that it is administratively feasible—not only to consider veteran status as a "positive factor"—but to also mandate that a selecting official "must" select a preference-eligible as opposed to an equally well qualified, nonpreference-eligible candidate. Specifically, Enclosure 3, paragraph 2(f) of DoDI 1442.02 expressly provides that:

> Excepted service DoD civilian positions are wholly exempted from the appointment procedures in part 302 of title 5 . . . . However, DoD Components to follow the principles of veterans' preference in hiring civilian attorneys as far as administratively feasible, as provided for in this Instruction.
>
> > (1) Selecting officials must treat veterans' preference eligibility as a positive factor in all stages of the hiring process, including the review process, when making a selection from a

job announcement or recruitment open to all sources or when veterans' preference is otherwise applicable as required by law.

\* \* \*

(b) When making final selections . . . the selecting official shall once again ascertain whether any of the candidates are preference eligible. *If all relevant considerations for the position are deemed equal, the selecting official must select the preference-eligible veteran as opposed to an equally well qualified, non-preference eligible candidate.*

IAF, Tab 5 at 66 (emphasis added). Thus, per the agency's directive, a selecting official is required to select a preference-eligible as opposed to an equally well-qualified, nonpreference-eligible candidate.

¶8 That being the case, the question of whether the appellant is equally well-qualified to the selectee is directly related to his VEOA claim and the information regarding his qualifications for the job in question relative to those of the selectee was plainly relevant to whether, under the circumstances of this case, the agency applied the principles of veterans' preference "as far as administratively feasible, as provided for in" DoDI 1442.02. *See* IAF, Tab 5 at 66. Indeed, if the appellant establishes that he was as or better qualified than the nonpreference-eligible selectee, then his nonselection violates his veterans' preference rights even if the agency can demonstrate that it considered his preference-eligible status as a generally positive factor.[6]

---

[6] The relevance of the information the appellant seeks is further underscored by the initial decision itself, in which the administrative judge concluded, without citation to any evidence in the record, that "there is ample evidence that the agency fully considered the qualifications of all the candidates, and that it properly documented its reasons for finding [the selectee] to be better suited to the job than" the other applicants. ID at 4. Moreover, this statement cannot be reconciled with the administrative judge's prior determination that evidence regarding the appellant's qualifications for the job in question relative to those of the selectee is not relevant and would not be considered. The administrative judge clearly did consider this issue. The appellant was therefore entitled to engage in discovery and to have the opportunity to present evidence and argument concerning the issue.

¶9      Accordingly, the administrative judge's initial decision denying corrective action was in error. This appeal should be remanded for further development of the record and a new determination concerning the appellant's request for corrective action under the correct legal standard.


_____
Anne M. Wagner
Vice Chairman