# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS FREDERICK MARBLE,
    Appellant,

v.

DEPARTMENT OF JUSTICE,
    Agency.

DOCKET NUMBER
DC-4324-15-0790-I-1

DATE: December 4, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Byrnes</u>, Esquire, Washington, D.C., for the appellant.

<u>Jason Laeser</u>, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2  The appellant serves as a Criminal Investigator (Special Agent) with the Drug Enforcement Administration (agency) in Quantico, Virginia.  Initial Appeal File (IAF), Tab 1 at 5.  The appellant, along with several other agency employees, petitioned for class action certification concerning alleged discriminatory treatment in violation of USERRA, which was denied.  IAF, Tab 7 at 5.  Thereafter, the appellant filed the instant individual USERRA appeal alleging that the agency engaged in a pattern of discrimination based on his military service by failing to select him for several higher level positions with the agency, by issuing him lower performance reviews, and by transferring him to a less desirable position shortly after being deployed on active duty in February 2014.  IAF, Tab 1 at 5-7, Tab 7 at 7-10.

¶3  The administrative judge issued a jurisdictional order outlining the appellant's burden to establish Board jurisdiction over his USERRA appeal.  IAF, Tab 3.  In response, the appellant alleged that he was personally discriminated against on the basis of his prior military service and that other employees experienced similar discriminatory treatment.  *Id*. at 5.  The administrative judge issued a second jurisdictional order explaining that the appellant could not rely on allegations of discrimination concerning other employees, and she instructed him to focus his allegations of agency wrongdoing on acts of discrimination personal to him.  IAF, Tab 10.  In response to the second jurisdictional order, the appellant argued that he was "denied GS-14 positions due to anti-military animus," was not selected for several assignments between 2009 and 2011 because of his service in the military reserves, was subjected to anti-military comments upon his return from military service in 2004, and was reassigned to a less prestigious position while on active duty in 2014, thus reducing his chances for future promotional opportunities and advancement within the agency.  IAF, Tab 13 at 5-6.

¶4  The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 15, Initial Decision (ID).  In her initial decision,

the administrative judge found that the appellant offered no documentary support for his claim that he performed prior uniformed military service and that he also failed to allege that any of the nonselections he identified were the result of military bias.  ID at 3-4.  The administrative judge further found that the allegedly discriminatory comments made by agency employees in 2004 had no causal connection to any of the challenged actions at issue, and she concluded that there was no showing that any of the individuals involved in the challenged actions were aware of the appellant's prior military service.  ID at 4-5.  Finally, the administrative judge rejected the remainder of the appellant's allegations of military bias as being too speculative and without support in the record, and she dismissed the appeal without a hearing for lack of jurisdiction.  ID at 5-6.

¶5	The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  On review, the appellant argues that the administrative judge applied the incorrect standard for assessing jurisdiction over his USERRA discrimination claims and that he was not required to submit evidence supporting his discrimination claims at this stage of the proceedings. *Id*. at 6-9.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6	There are two types of cases that arise under USERRA:  reemployment cases under 38 U.S.C. §§ 4312-4318, and discrimination cases under 38 U.S.C. § 4311(a) and (b).  *See Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 15 (2015).  Congress enacted USERRA as remedial legislation to be construed liberally.  *See, e.g.*, *Harellson v. U.S. Postal Service*, 115 M.S.P.R. 378, ¶ 17 (2011).  The Board has found that the relative weakness of an appellant's assertions in support of his claims should not be a basis for a jurisdictional dismissal.  *See Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6

(2010). Rather, if an appellant fails to develop his assertions of a USERRA violation, his claim should be denied on the merits. *Id*.

¶7 An appellant establishes the Board's jurisdiction over a USERRA discrimination claim by nonfrivolously alleging that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to his performance of duty or obligation to perform duty in the uniformed service. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012); *see* 38 U.S.C. § 4311(a). Once the appellant establishes the Board's jurisdiction over his USERRA appeal, he has a right to a hearing on the merits of his claim.[2] *Gossage,* 118 M.S.P.R. 455,¶ 10.

¶8 The Board, moreover, recently amended its regulations to emphasize that an appellant only needs to make nonfrivolous allegations concerning the substantive jurisdictional elements applicable to a USERRA discrimination claim to establish the Board's jurisdiction over a USERRA appeal.[3] *See* 5 C.F.R. § 1201.57(a)(3), (b). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. *See* 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when it is more than conclusory, plausible on its face, and is material to the legal issues in the appeal. *Id*.

¶9 We agree with the appellant that he nonfrivolously alleged facts establishing the Board's jurisdiction over his USERRA discrimination appeal. In both his initial appeal and his first response to the administrative judge's

[2] If the appellant's standing to file an appeal under USERRA is in doubt, the administrative judge may hold a jurisdictional hearing. *See Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139 (2008). Here, the agency has not challenged the appellant's standing to file a USERRA appeal, and his assertion that he has a history of uniformed military service is sufficient to nonfrivolously allege that he falls within USERRA's anti-discrimination protections.

[3] The Board's amended regulations went into effect on March 30, 2015, and apply to this case, which was filed after that date.

jurisdictional order, for example, the appellant alleged that he was denied promotional opportunities with the agency despite his qualifications for such positions and that he received less favorable performance reviews during his time away from the agency while on active military duty. IAF, Tab 1 at 5-9, Tab 7 at 7-8. In both of his responses to the administrative judge's jurisdictional orders, moreover, the appellant alleged he was not selected for several higher level positions because of his history of military service and that he was reassigned to a less prestigious position with the agency during his most recent active duty military deployment. IAF, Tab 7 at 9, Tab 13 at 6.

¶10        We find that the appellant's allegations nonfrivolously allege facts establishing jurisdiction over his USERRA discrimination appeal. USERRA's anti-discrimination provision bars an agency from, among other things, denying an appellant a promotion or "any benefit of employment" on the basis of his prior military service. *See* 38 U.S.C. § 4311(a); *see also* 38 U.S.C. § 4303(2) (defining "benefit of employment" to include "the opportunity to select work hours or location of employment"). The appellant's allegations concerning the denials of promotions, his nonselections, and his reassignment each fall within the scope of activities prohibited under USERRA.[4] *See Patterson v. Department of the Interior*, 424 F.3d 1151, 1161 (Fed. Cir. 2005) (finding an allegation that the appellant was not selected for a position based on his military status was sufficient to establish jurisdiction over his USERRA discrimination appeal). We further find that the appellant's allegation of a hostile work environment based on anti-military comments directed toward him nonfrivolously establishes the

---

[4] The appellant only has alleged that the agency discriminated against him in violation of USERRA by reassigning him to a lesser position while on active duty; he has not asserted that the agency violated his reemployment rights following his return to duty from military service. *See Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶¶ 5-6 (2005); *see also* 38 U.S.C. § 4313(a)(2). The administrative judge apprised the appellant of the different burdens governing USERRA discrimination and reemployment claims in her first jurisdictional order. IAF, Tab 3. We leave it to the administrative judge to determine the scope of issues raised by the appellant on remand.

Board's jurisdiction over his hostile work environment claim under 38 U.S.C. § 4311(a). *See Petersen v. Department of the Interior*, 71 M.S.P.R. 227, 235-36 (1996). Finally, for purposes of establishing the Board's jurisdiction over his USERRA appeal, the appellant's allegation that he has a history of uniformed military service is sufficient to nonfrivolously allege that he falls within the scope of the statute's anti-discrimination protections. *See* 5 C.F.R. § 1201.4(s).

¶11     We agree with the administrative judge that some of the appellant's allegations of discrimination concerning his nonselection for higher level positions and the creation of a hostile work environment are generic in nature and lack certain details, such as: the position titles at issue, when he applied for such positions, whether the selecting officials involved were aware of his military history, and whether the alleged anti-military comments directed at him have any causal relationship to a specific employment action or otherwise were severe and pervasive.[5] *See, e.g.*, IAF, Tab 13 at 5-6. These issues, however, go to the merits of the appellant's claims of discrimination on the basis of his military service and cannot serve as grounds for a jurisdictional dismissal. *See Swidecki*, 113 M.S.P.R. 168, ¶ 6. In a USERRA discrimination appeal, the appellant bears the burden to establish by preponderant evidence that his military service was a motivating factor in the challenged actions. *See DeJohn v. Department of the Army*, 106 M.S.P.R. 574, ¶ 6 (2007), *aff'd*, 298 F. App'x 991 (Fed. Cir. 2008). To meet this burden, the appellant ultimately will need to establish the foundational information identified by the administrative judge as missing in her initial decision. ID at 4-5. The absence of this information, however, does not provide a basis for dismissing the appeal for lack of jurisdiction without a hearing. *See Patterson*, 424 F.3d at 1160-61.

---

[5] We also agree with the administrative judge that the appellant cannot rely on other alleged instances of discrimination directed toward other employees in support of his discrimination claims under USERRA. ID at 2 n.1; *see* IAF, Tab 10.

**ORDER**

¶12    Because the appellant has nonfrivolously alleged facts establishing the Board's jurisdiction over his USERRA discrimination appeal, the appellant has a right to a hearing on the merits of claims.  *See Downs*, 110 M.S.P.R. 139, ¶¶ 17-18.  For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                      _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.