# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID DEAN,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
AT-3330-14-0020-I-1

DATE: April 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David Dean</u>, Lugoff, South Carolina, pro se.

<u>William David Vernon</u>, Esquire, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to address the administrative judge's statement that the provisions at 5 U.S.C. §§ 3309 and 3318 are not applicable to this matter because they only apply to the competitive service, but we conclude that a different outcome is not warranted. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed an appeal challenging the agency's use of the PALACE Acquire Program to fill vacancies for various Air Force Office of Special Investigations (AFOSI) criminal investigator positions as a violation of his veterans' preference rights. *See, e.g.*, Initial Appeal File (IAF), Tabs 1, 6, 7, 13, 17. The appellant withdrew his request for a hearing. IAF, Tab 9. The administrative judge found that the Board has jurisdiction over the appeal. IAF, Tab 18.

¶3 The administrative judge granted the agency's motion to compel discovery, and she ordered the appellant to provide the agency with complete responses to its discovery requests and to reschedule the deposition. *See* IAF, Tab 18. When the appellant did not comply with the administrative judge's order, she sanctioned

him by refusing to permit him to submit an affidavit, declaration, or statement in support of his appeal, and she explained that any prior affidavit, declaration, or statement previously submitted "[would] be considered for the limited purpose of setting forth the parameters of his claim but will not be afforded any evidentiary weight." *See* IAF, Tab 26.

¶4        The administrative judge issued an initial decision that denied the appellant's request for corrective action.  IAF, Tab 29, Initial Decision (ID).  In pertinent part, the administrative judge noted that:  (1) AFOSI criminal investigator positions, including those recruited through the PALACE Acquire Program, are Schedule A excepted service positions; (2) the Office of Personnel Management (OPM) approved of the excepted service designation in 2002 and renewed it every year since; (3) the AFOSI criminal investigator positions are filled through college campus recruiting events; (4) in 2013, the recruiting events were held at the University of Texas, San Antonio, George Mason University in Fairfax, Virginia, and California State University at San Bernadino; and (5) although recruiting events are held at particular campuses, vacancies are not restricted to students at any institution.  ID at 2.  She concluded that the PALACE Acquire Program did not violate the appellant's veterans' preference rights because OPM properly authorized the use of excepted service recruiting procedures for all AFOSI criminal investigator positions, and the AFOSI criminal investigator positions were properly designated within Schedule A of the excepted service.  ID at 3-6.  The administrative judge further found that the appellant has not identified any statute or regulation that allows the Board to overturn a decision by OPM to place a class of positions within Schedule A of the excepted service.  ID at 5.  She also concluded that the Board's holding in *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157 (2010), did not permit the Board to override OPM's discretionary decision to except a class of positions from the competitive service under Schedule A when OPM has followed the prescribed procedure for evaluating and publishing the exception.  ID at 5.

¶5    The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply.  Petition for Review (PFR) File, Tabs 1, 3-4.  On review, the appellant challenges the administrative judge's legal conclusions, he asserts that the administrative judge improperly sanctioned him for "declining to participate in an abusive discovery procedure," and he contends that the agency improperly referred to his age and physical condition and misstated his military service.  PFR File, Tab 1.

¶6    After the parties filed their petition for review submissions, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), in a nonprecedential decision, addressed the appellant's challenge in another Board appeal to OPM's decision to except AFOSI criminal investigator positions from the competitive service and the agency's use of the PALACE Acquire Program as a tool to recruit and fill vacancies for these positions.  *See Dean v. Department of the Air Force*, 2014 WL 5786656 (Fed. Cir. Nov. 7, 2014); *see also Dean v. Department of the Air Force*, MSPB Docket No. AT-3330-13-0327-I-1, Initial Decision (Jan. 6, 2014).  The court affirmed the initial decision in that case, which denied the appellant's request for corrective action under VEOA, finding that:  (1) the administrative judge did not err in finding that these positions had been excepted from the competitive service; (2) the agency acted lawfully in not widely announcing the PALACE Acquire Program AFOSI criminal investigator positions to the general public; and (3) the appellant did not show that the agency acted contrary to any veterans' preference laws or rules, particularly since the undisputed description of the program gives veterans' preference points to applicants.  *See Dean*, 2014 WL 5786656 at *3.

The Federal Circuit's nonprecedential decision in *Dean* is persuasive, and the administrative judge properly denied the appellant's request for corrective action.

¶7    Although *Dean* is an unpublished decision, the Board may rely on unpublished Federal Circuit decisions if it finds the court's reasoning persuasive.  *E.g.*, *Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 13 n.* (2001).

Significantly, the court addressed the same hiring program (PALACE Acquire) and the same types of positions (AFOSI criminal investigator positions) that are at issue in this matter.[2] Under these circumstances, we find persuasive the court's conclusion that the AFOSI criminal investigator positions recruited through the PALACE Acquire Program were properly excepted from the competitive service. *See, e.g.*, *Dean v. Department of Labor*, 2015 MSPB 22, ¶¶ 28-29 (discussing the court's nonprecedential decision in *Dean* as support for its conclusion that the Recent Graduates Program, which was part of the Pathways Program, was proper and not a violation of the appellant's veterans' preference rights). We affirm the initial decision in this regard.

¶8    We also have considered the appellant's arguments challenging the administrative judge's conclusion that he failed to prove that his veterans' preference rights were violated, but these arguments are unavailing. For instance, we have considered the appellant's reference to the decision in *Massachusetts v. Feeney*, 442 U.S. 256 (1979), as support for his assertion that the administrative judge erred when she concluded that he did not identify a statute or regulation that allowed the Board to overturn a decision by OPM to place a class of positions within Schedule A of the excepted service. PFR File, Tab 1 at 5. The Supreme Court in *Feeney* found that the state's absolute lifetime preference for veterans in civil service hiring did not discriminate against women in violation of the Equal Protection Clause. *See Feeney*, 442 U.S. at 271-81. *Feeney* does not warrant a different outcome in this VEOA appeal. *See, e.g.*, *Dean*, 2015 MSPB 22, ¶ 31 (also rejecting the appellant's assertion that the administrative judge's conclusion contravened *Feeney*).

---

[2] There appear to be only modest factual differences between the earlier *Dean* matter and this instant appeal. For instance, the college campus recruiting events in 2013 were held in Virginia, Texas, and California, as opposed to the 2012 events, which were held in Maryland, Virginia, and Texas. *Compare* IAF, Tab 16 at 24-39, *with Dean*, 2014 WL 5786656 at *1.

¶9    The appellant also asserts on review that the administrative judge erred by not considering the case of *Gingery v. Department of Defense*, 550 F.3d 1347 (2008).  PFR File, Tab 1 at 5-7.  He further states that the administrative judge erred when she concluded that 5 U.S.C. §§ 3302, 3309, 3318, and 3319 only applied to the competitive service.  PFR File, Tab 1 at 7; *see* ID at 6.  The appellant's argument in this regard has some merit, but for the following reasons, it does not warrant a different outcome.

¶10   The statute at 5 U.S.C. § 3320 states that appointments for vacancies in the excepted service shall be selected "in the same manner and under the same conditions required for the competitive service by sections 3308-3318 of this title."  Consistent with this statutory directive, our reviewing court has analyzed the application of some of these provisions to the excepted service.  *See, e.g.*, *Gingery*, 550 F.3d at 1351-54 (discussing 5 U.S.C. § 3318(b)); *Patterson v. Department of the Interior*, 424 F.3d 1151, 1156-60 (Fed. Cir. 2005) (discussing 5 U.S.C. § 3309).  Thus, the administrative judge's finding that the provisions of 5 U.S.C. §§ 3309 and 3318 only apply to the competitive service was in error, and we modify the initial decision accordingly.

¶11   Notwithstanding this error, the appellant has not persuaded us that the agency, by using the PALACE Acquire Program to fill AFOSI vacancies, violated either of these statutory provisions.  Section 3309 states that preference eligibles who receive a passing grade on an examination into the competitive service are entitled to additional points.  In *Patterson*, 424 F.3d at 1156-60, our reviewing court addressed how an agency should apply veterans' preference principles found in 5 U.S.C. § 3309 in making hiring decisions to fill attorney vacancies, which are in the excepted service and not subject to examination.  Because Congress had not spoken on this issue, the court found that OPM's "gap-filling" at 5 C.F.R. § 302.101(c), which requires that veterans' preference be followed "as

far as administratively feasible," was entitled to deference.[3] *Patterson*, 424 F.3d at 1157-59. The court concluded that the agency's decision to consider Mr. Patterson's veterans' preference status as a "positive factor" in evaluating his application was a "reasonable interpretation" of how 5 U.S.C. §§ 3309 and 3320 apply to attorney positions within the excepted service, and it found that Mr. Patterson failed to assert a violation of his veterans' preference rights. *Patterson*, 424 F.3d at 1159-60.

¶12      Based on our review of the documentary evidence in this record and the *Dean* matter before the Federal Circuit, it appears that the agency calculated a weighted score based on various factors for applicants who apply for AFOSI criminal investigator positions through the PALACE Acquire Program, and veterans' preference points were later added to that weighted score. *See* IAF, Tab 7 at 5-8, Tab 27 at 25-29; *see also Dean* 2014 WL 5786656 at *1. The appellant does not appear to challenge on review the agency's method for awarding veterans' preference for applicants in this regard. We conclude that he has not proven that the agency violated 5 U.S.C. § 3309 as interpreted by our reviewing court in *Patterson*.

¶13      Similarly, the appellant, who did not attend any of the campus recruiting events, has not proven that the agency violated 5 U.S.C. § 3318. Section 3318 sets forth the criteria for selection from certificates, including passover and other notification requirements. To the extent that the appellant asserts on review that the agency is "attempting to evade applications from veterans," PFR File, Tab 1 at 7, he has presented no persuasive evidence in support of this assertion. In light of our findings above, we also are not persuaded that the agency violated 5 U.S.C. §§ 3302 or 3319, which authorize the President to prescribe rules governing the

---

[3] Subsections (c)(6) and (c)(8) of 5 C.F.R. § 302.101 state that Schedule A positions and attorney positions, among others, are exempt from the appointment procedures of this part.

competitive service (and to make necessary exceptions thereto) and which discuss alternative ranking and selection procedures, respectively.

¶14     For these reasons, we affirm as modified the administrative judge's decision to deny corrective action under VEOA.

<u>We discern no error with the administrative judge's decision to issue sanctions against the appellant.</u>

¶15     The regulation at 5 C.F.R. § 1201.43 allows an administrative judge to impose sanctions "as necessary to serve the ends of justice." When a party fails to comply with an order, the administrative judge may, among other things, "[p]rohibit the party failing to comply with the order from introducing evidence concerning the information sought." 5 C.F.R. § 1201.43(a)(2). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013).

¶16     We find that the administrative judge did not abuse her discretion in issuing sanctions in this regard. As noted above, the administrative judge granted the agency's motion to compel, and she ordered the appellant to respond to the agency's discovery requests and to contact the agency to reschedule the deposition. IAF, Tab 18. The administrative judge advised the appellant in this order that she may impose sanctions pursuant to 5 C.F.R. § 1201.43 if he failed to comply with the order, and she subsequently reminded him that failure to comply with her order regarding discovery may lead to sanctions. *See* IAF, Tabs 18, 20. Despite these warnings, the appellant did not respond to the agency's discovery requests nor did he appear for a deposition. *See, e.g.*, IAF, Tab 23 at 4 ("I respectfully decline to participate in the Agency Representative's abusive requests."). We therefore find that the administrative judge did not abuse her discretion in deciding to issue sanctions under these circumstances. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 12 (2011) (the administrative judge did not abuse her discretion when she precluded the appellant from submitting

additional evidence regarding her claim of disability discrimination after the appellant did not comply with the administrative judge's order to appear for a deposition), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2013); *Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 13 (2007) (explaining, in a chapter 75 appeal, that an appropriate sanction for the appellant's failure to respond to the agency's discovery requests would have been to preclude him from putting on evidence in support of any defense or rebuttal to the charges with respect to which he had not provided discovery responses).

Other issues

¶17    Regarding the appellant's assertion that his appeal has been converted to a mixed-case appeal by virtue of the agency's statements regarding his age and ability to perform in the position, the Board has no authority to review, in the context of a VEOA appeal, a claim of discrimination covered under 5 U.S.C. § 7702(a)(1).  *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).  To the extent that the agency may have misstated the appellant's military service, any such error does not warrant a different outcome.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.