NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYRIL D. ORAM, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-2306

---

Petition for review of the Merit Systems Protection Board in No. AT-4324-20-0476-I-1.

---

Decided: May 5, 2021

---

CYRIL D. ORAM, JR., Bellingham, WA, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before REYNA, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

Cyril D. Oram appealed his separation from federal employment requesting remedial action under the Uniformed Services Employment and Reemployment Rights Act. Mr. Oram alleged that he was denied certain benefits of employment based in part on his prior military service and present status as a veteran. The Merit Systems Protection Board dismissed Mr. Oram's appeal for lack of jurisdiction. Mr. Oram now petitions for review before this court. For the reasons below, we vacate and remand the Board's decision.

BACKGROUND

This is one of four appeals in this case involving similar facts concerning Mr. Oram's allegations of an involuntary separation from federal employment.[1] Because we previously discussed the background and the history of the case, *see Cyril D. Oram, Jr., v. MSPB*, ___ F. App'x ___ (Fed. Cir. 2021), we provide only the following brief summary.

On May 1, 2020, Mr. Oram filed an appeal to the Merit Systems Protection Board ("Board") alleging that the Census Bureau of the U.S. Department of Commerce ("Census Bureau") discriminated against him on the basis of his military status in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). The administrative judge ordered Mr. Oram to file a statement addressing whether his appeal met the jurisdictional requirements for the Board to hear Mr. Oram's appeal under USERRA. S.A. 39.[2] Mr. Oram responded that the Census Bureau denied him "retention in employment and other

---

[1]    *See also Oram v. Dep't of Commerce*, No. 20-2303 (Fed. Cir. Dec. 1, 2020); *Oram v. Dep't of Commerce*, Nos. 20-2304 & 2305 (consolidated).

[2]    Citations to "S.A. __" refer to pages of the supplemental appendix appended to Respondent's responsive brief.

benefits" such as leave under the Family and Medical Leave Act ("FMLA") and that these denials were "based in part on prior military service and present status as a veteran." S.A. 51. He further alleged, in relevant part, that the Census Bureau altered the "terms of and conditions of a firm offer into an involuntary removal from federal service." S.A. 52.

In an Initial Decision issued on May 27, 2020, the Administrative Judge concluded that Mr. Oram failed to establish the Board's jurisdiction. *Oram v. Dep't of Commerce*, M.S.P.B. Docket No. AT-4324-20-0476-I-1 (Initial Decision, May 27, 2020); S.A. 1–16. The Administrative Judge found that it was undisputed that Mr. Oram had performed duties in the uniformed service, and that he had made nonfrivolous allegations that the Census Bureau had denied him benefits of employment to which he was entitled. S.A. 5–6. The Administrative Judge concluded, however, that Mr. Oram failed to nonfrivolously allege that his uniformed service was a substantial or motivating factor in the loss of employment benefits. S.A. 6.

Mr. Oram now appeals the Board's decision to this court. We have jurisdiction pursuant to 38 U.S.C. § 4324(d)(1), 5 U.S.C. § 7703(b)(1)(A), and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We decide de novo whether the Board has jurisdiction, while accepting the Board's findings of fact if they are supported by substantial evidence. *Parrott v. M.S.P.B.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

In order to establish the Board's jurisdiction over a USERRA discrimination claim, an individual must non-frivolously allege the following: (1) performance of duty in a uniformed service of the United States; (2) loss of a benefit of employment; and (3) that the benefit was lost due to the individual's performance of duty in the uniformed service. 38 U.S.C. §§ 4311(a), 4324(b). *See Yates v. M.S.P.B.*, 145 F.3d 1480, 1484 (Fed. Cir. 1998).

Here, the Administrative Judge determined that the petitioner established the first and second elements based on his employment in a uniformed service and his allegation that the Census Bureau denied him benefits of employment, such as his request for FMLA leave. *See* S.A. 5–6. The Administrative Judge erred, however, in finding that Mr. Oram did not make a nonfrivolous allegation supporting the third jurisdictional element, i.e., that the loss of a benefit of employment was due to his military service. S.A. 6.

While Mr. Oram prefers that this court not remand the case back to the Board, *see* Petitioner's Inf. Br. 3, he contends the Board failed to consider that he made a nonfrivolous allegation of USERRA bias, *see id.* at 2. The Board requests a remand because it contends the administrative judge's decision is not in accordance with law. Respondent's Inf. Br. 8. We agree with the Board that the proper course of action is to vacate the Board's decision and remand for further proceedings for at least the following reasons.

This court has held that the Board should take a "liberal approach in determining whether jurisdiction exists under USERRA." *Yates*, 145 F.3d at 1484. Under that approach, the relative weakness of the specific factual allegations initially made by an appellant in his USERRA claim should not serve as the basis for dismissing his appeal for lack of jurisdiction, but if he fails to develop those allegations, his USERRA claim should simply later be denied on

the merits.  *Patterson v. Dep't of Interior*, 424 F.3d 1151, 1160 (Fed. Cir. 2005); *see also Yates*, 145 F.3d at 1485.  Because the jurisdictional standard is quite broad, we vacate the Board's decision and remand for further proceedings.

## CONCLUSION

We have considered Mr. Oram's other arguments but find them unpersuasive.  We vacate the Board's decision dismissing his appeal for lack of jurisdiction under USERRA and remand for further proceedings.

## **VACATED AND REMANDED**

### COSTS

No costs.